DILLON, Judge, concurring in part and dissenting in part.
*350 I concur in the portions of the majority opinion concerning the "public trust doctrine" contained in subsections A, B, and C of the "Discussion" section of that opinion. Indeed, the issue of whether the actions of the Town in engaging in the beach nourishment project in the public trust portion of the beach constituted a compensable taking of Defendants' property rights is not before us. The Town admitted to the taking. Rather, the only issue concerns the calculation of damages.
For the reasons stated below, I dissent from the portion of the majority's analysis contained in subsections D and E, concerning Defendants' evidence on damages. My disagreement with the majority involves a very nuanced evidentiary issue. Indeed, I agree with much of the majority's concern regarding the testimony offered by Defendants' experts. But based on my disagreement, I must conclude that a new trial is not necessary in this case; the trial court correctly granted the Town's judgment JNOV to the extent it set aside the jury's verdict of $60,000. Rather, the matter should be remanded to the trial court for the limited purpose of reducing the judgment to $330 based on the only relevant evidence (which came from the Town's expert) to support the value of the easement that the Town admitted to taking.
As noted by the majority, under the applicable statute, Defendants are entitled to the GREATER of (1) the diminution in the fair market value of their entire lot caused by the taking of the easement and (2) the fair market value of the easement itself that was taken. The jury determined that the diminution in value of Defendants' lot due to the taking of the easement was $0; that is, the jury determined that the value of Defendants' entire lot was not affected by the *893 taking at all. But the jury also determined that the easement itself had a value of $60,000. Therefore, the jury returned a verdict of $60,000.
Following the verdict, the trial court granted the Town's JNOV motion, concluding that the only evidence concerning the value of the easement itself offered at trial was from the Town's expert, who valued the easement for $330. Indeed, experts for Defendants did make *351 statements during their testimony suggesting that the value of the easement itself exceeded $60,000. These statements made by Defendants' experts concerning the value of the easement itself is the subject of my disagreement with the majority.
The majority essentially holds that (1) Defendants' experts each gave an opinion of value concerning the easement itself, (2) the basis of these opinions, however, were not sufficiently reliable and, therefore, the trial court should not have allowed the opinions into evidence, (3) the portion of the verdict concerning the value of the easement itself was not otherwise supported by competent evidence. Based on this reasoning, the majority concludes that Defendants should get a new trial to have another opportunity to offer evidence concerning the value of the easement itself, essentially reasoning that since the trial court erroneously allowed Defendants' evidence, Defendants felt no need to offer other evidence concerning the value of the easement itself. That is, so the majority concludes, had the trial ruled correctly and excluded the opinion of Defendants' expert concerning the value of the easement itself, Defendants may have then offered other evidence on the issue.
I disagree with the majority's understanding of the statements made by Defendants' experts concerning the value of the easement itself. I believe that while Defendants' experts did make such statements, they never intended these statements to amount to their expert opinion regarding the value of the easement itself. Rather, Defendants offered their testimonies for the sole purpose of giving their opinions of the "before" and "after" values of the entire lot; Defendants did not offer these experts for the purpose of offering evidence on the value of the easement itself, as Defendants were relying on their testimonies to show that their lot as a whole had suffered a large diminution in value. It is true that both appraisers in their testimonies did make statements concerning the value of the easement itself. However, in each case, the appraiser was simply making an assumption concerning the value of the easement itself to show how he derived the "after" value of the entire lot.[16]
To explain my point, consider that the assumption by Defendants' appraisers concerning the value of the easement itself is analogous to other assumptions made by appraisers in valuing property. For instance, in deriving the "before" value of Defendants' lot as a whole, *352 one of Defendants' appraisers, Mr. Gruelle, relied upon the reported sales price of three comparable beach-front homes, a common practice by appraisers in valuing a home. Mr. Gruelle's analysis contains statements of value of these comparable homes (based on what they sold for), but these values do not represent his expert opinion regarding the value of those homes. Indeed, it is doubtful that he had first-hand knowledge of what those other homes sold for but rather relied upon hearsay (tax records or data from a multiple listing service). But the values provide data points that he relied upon to come up with his expert opinion of value of Defendants' lot itself. Though these data points would be inadmissible if they were offered to show the value of the comparable homes themselves, they are admissible under Rule 703[17] to show the data he relied *894 upon to derive his opinion concerning the value of Defendants' lot.
In the same way, Mr. Gruelle's statement that he estimated the value of the easement portion of Defendants' lot to be $190,000 was intended to be an educated assumption he used in deriving the "after" value of Defendants' lot as a whole. Mr. Gruelle did not intend for the $190,000 estimate of the easement itself to be viewed as his expert opinion of the value of the easement itself; he certainly did not derive this valuation by comparing the easement itself to the sales of other beach strips.
The trial court did not err in allowing Defendants' experts to make statements concerning the value of the easement itself, since they were offered only for the purpose of explaining how they were deriving the "after" value of Defendants' lot as a whole. While such statements would have been inadmissible as evidence to support a conclusion of value of the easement itself, the statements were certainly admissible to show the basis of the opinions concerning the "after" value of the lot as a whole, under Rule 703.
In conclusion, the only relevant evidence offered concerning the value of the easement itself came from the Town's expert, who testified that its value was a mere $330. Defendants did not offer any relevant evidence concerning the value of the easement itself, nor did they ever intend to offer relevant evidence, competent or incompetent, on the value of the easement itself. Their experts merely made statements concerning the value of the easement itself to explain their opinions *353 of value of the lot as a whole. The record does not reveal how the jury came up with their $60,000 valuation of the easement itself. There was no relevant evidence offered to support such a verdict. Therefore, the trial court properly set aside the verdict. However, I see no need for a new trial. Defendants were not prejudiced by the trial court's evidentiary ruling. Indeed the ruling was correct under Rule 703, and Defendants never intended to offer any evidence to prove the value of the easement anyway.

For example, one of Defendants' experts testified that he arrived at a large diminution in value of the lot as a whole based on a calculation containing several components, one of which was his estimate of the value of the easement itself.

Rule 703 states that "[t]he facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to him at or before the hearing. If of a type relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence ." N.C. Gen. Stat. § 8C-1, Rule 703 (emphasis added).